D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARK FIGUEROA-JARVIS,                              **MEMORANDUM & ORDER**

          Petitioner,                              **98-CR-066 (NGG)**

-against-

UNITED STATES OF AMERICA,

          Respondent.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Mark Figueroa-Jarvis ("Figueroa-Jarvis"), appearing pro se, moves to vacate his sentence under Federal Rule of Criminal Procedure 36. Rule 36 provides no such relief.[1] It merely permits the court to "correct a clerical error in a judgment, order, or other part of the record." Fed. R. Crim. Proc. 36. Figueroa-Jarvis does not claim that the sentencing court made a clerical mistake, but rather that it erred in failing to enforce his plea agreement. (Petition (Docket Entry # 250) at 1.) The "Rule 36 motion" is therefore properly construed as a motion brought pursuant to 28 U.S.C. § 2255. Section 2255 permits a prisoner to attack his sentence if it "was imposed in violation of the Constitution or laws of the United States[,] . . . in excess of the maximum authorized by law, or [] otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Although Figueroa-Jarvis states that he "does not seek to have this motion viewed under Section 2255," his claim is only cognizable under that statute. (Pet. Mem. in Opp'n (Docket Entry # 263) at 9.) Consistent with Figueroa-Jarvis's averment that this claim is not brought under § 2255, this court will dismiss the instant motion for failure to state a claim under Federal

---

[1] The grounds for a post-conviction reduction in sentence are enumerated in Federal Rule of Criminal Procedure 35. This motion presents none of the grounds identified in Rule 35.

1

Rule of Criminal Procedure 35 or 36 unless Figueroa-Jarvis consents to the recharacterization of this motion as one brought under § 2255 and notifies the court of his consent within 30 days.

If Figueroa-Jarvis consents to the recharacterization of his motion, he may subsequently amend the motion to assert any additional claims cognizable under § 2255. Figueroa-Jarvis should be aware that the recharacterization will "subject[] any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' federal habeas motion." Id. at 377 (quoting 28 U.S.C. § 2255); see 28 U.S.C. § 2255(h). Any § 2255 motion will be subject to a one-year statute of limitations that runs from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or upon expiration of the 90-day period to apply for certiorari to the Supreme Court of the United States. Clay v. United States, 537 U.S. 522, 527-28 (2003). Figueroa-Jarvis's conviction became final on May 11, 2000. Consequently, should he consent to recharacterization, the court will dismiss his § 2255 motion as time-barred unless Figueroa-Jarvis amends his motion to present an argument as to why the statute of limitations should be equitably tolled. See United States v. Molina, 213 F.2d 627 (2d Cir. 2000).

If Figueroa-Jarvis chooses to consent to the recharacterization of his motion, he must notify the court in writing within 30 days. He should also notify the court at that time if he wishes to amend his motion under § 2255, and a briefing schedule will be set. If Figueroa-Jarvis does not provide such notice within 30 days, the motion will be dismissed for failure to state a claim.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      October 27, 2010

NICHOLAS G. GARAUFIS
United States District Judge